Lawrence Spasojevich (LS 0945)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NIKOLA NOCI,

　　　　　　　　　　　　　　　　　　　　　　　　CASE NO. 1:21-cv-6282

　　　　　　　　　　　Plaintiff,　　　　**COMPLAINT**

-against-

PATRICK J. FALCI MANAGEMENT INC.
and
ALDERTON APARTMENTS, INC.

　　　　　　　　　　　　　　　　　　　　　　　　ECF Case,

　　　　　　　　　　　Defendants.

---

　　　Plaintiff, NIKOLA NOCI, on behalf of Plaintiff, by and through the undersigned attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendants, PATRICK J. FALCI, MANAGEMENT INC. and ALERDTON APARTMENTS, INC. and states as follows:

### INTRODUCTION

1.　　Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendants: (1) unpaid wages at the

minimum wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.  Plaintiff further alleges that under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendants: (1) unpaid wages at the per unit rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

4.  Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.  Plaintiff, NIKOLA NOCI, is an adult resident of Queens County, New York.

6.  Upon information and belief, Defendant, PATRICK J. FALCI, MANAGEMENT INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 164-11 Northern Blvd, Flushing, New York, 11358.

7.  At all relevant times, Defendant, PATRICK J. FALCI, MANAGEMENT INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

8.  Upon information and belief, Defendants, ALDERTON APARTMENTS, INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 7445 Yellowstone Blvd, Rego Park, New York, 11374.

9.  At all relevant times, Defendant, ALDERTON APARTMENTS, INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

11. At all relevant times, Defendants were joint employers of Plaintiff as both Defendants had direct control over assigning tasks and duties to Plaintiff, had the power to hire and fire Plaintiff, and controlled the terms and conditions of Plaintiff's employment.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the minimum wage rate for all hours worked in a workweek in contravention of the FLSA.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the weekly per unit rate in contravention of the NYLL.

## STATEMENT OF FACTS

14. The federal minimum wage rate from October 2018 until October 2021 was and is $7.25.

15. The per unit rate for janitors in the City of New York for small employer in 2015 was $7.00.

16. The per unit rate for janitors in the City of New York for small employer in 2016 was $7.00.

17. The per unit rate for janitors in the City of New York for small employer in 2017 was $7.00.

18. The per unit rate for janitors in the City of New York for small employer in 2018 was $8.00.

19. The per unit rate for janitors in the City of New York for small employer in 2019 was $9.00.

20. The per unit rate for janitors in the City of New York for small employer in 2020 was $10.00.

21.     The per unit rate for janitors in the City of New York for small employer in 2021 was $10.00.

22.     Plaintiff has performed work for the benefit of Defendants as janitor at building located 7445 Yellowstone Boulevard Rego Park, New York 11374 with Defendants's knowledge for the past twenty (25) years.

23.     Upon information and belief, Defendant, PATRICK J. FALCI, MANAGEMENT INC., managed the building located at 7445 Yellowstone Boulevard Rego Park, New York 11374.

24.     Upon information and belief, Defendant, ALDERTON APARTMENTS, INC., owned and operated the building located at 7445 Yellowstone Boulevard Rego Park, New York 11374.

25.     Plaintiff would receive tasks, duties, and assignments from both Defendants.

26.     Over the course his employment, Plaintiff's tasks and duties included, but not limited to, vacuuming, sweeping, moping, compacting the garbage and recycling materials, leaf removal, snow removal, gardening, trimming bushes, addressing concerns and complaints of residences, package receiving, vendor access, clean up after independent contractors, roof inspection, cleaning the lobby, and sewer drain maintenance.

27.     7445 Yellowstone Boulevard Rego Park, New York 11374 has fifty-four (54) units.

28.     Defendants provided Plaintiff a beeper and a Home Depot Account Card where Defendants would approve purchases made by Plaintiff.

29.     On average, Plaintiff worked a six (6) day schedule, Monday through Saturday and occasionally a Sunday.

30.     Plaintiff would either work from 7:00 a.m. to 1:00 p.m. for a total of seven (6) hours or 3:30 p.m. to 9:00 p.m for a total of six and a half  (5.5) hours.

31. On average and based upon his recall and recollection, Plaintiff worked thirty four and one half hours (34.5).

32. However, during the winter months during heavy snow fall, major repairs were needed, or gardening, Plaintiff would work approximately sixty (60) hours a week.

33. By way of example and upon his recall and recollection, Plaintiff worked thirty four and one half hours for the week of August 1, 2021.

34. Defendants did not pay Plaintiff for any work completed until in or about June 2021 when Defendants paid Plaintiff monthly a sum amount of $750.00.

35. Defendants did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

36. Plaintiff was not properly compensated wages at the minimum wage rate for all hours worked over forty (40) in a workweek.

37. Defendants knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked at the minimum wage rate in violation of the FLSA and the supporting Federal Labor Regulations.

38. Defendants knowingly and willfully operated business with a policy of not paying Plaintiff the weekly per unit wage rate in violation of the New York Labor Law and the supporting New York Labor Law Regulations.

39. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

40. Defendants did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

41.     Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the minimum wage rate for all hours in a workweek or the per-unit rate.

42.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

43.     Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

44.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "43" of this Complaint as if fully set forth herein.

45.     At all relevant times, upon information and belief, Defendants was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

47.     Upon information and belief, at all relevant times, Defendants has/have had gross revenues in excess of $500,000.

48.     Plaintiff was entitled to be paid for all hours worked in a workweek at the minimum wage rate as provided for in the FLSA.

49.     Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked in a workweek as provided for in the FLSA.

50.     At all relevant times, Defendants had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked in a workweek at the minimum wage rate, which violated and

continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

51. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked at the minimum wage rate when Defendants knew or should have known such was due and that non-payment of the minimum wage rate would financially injure Plaintiff.

52. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

53. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendants failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

55. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

56. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in and entitled to an award of, an amount not presently ascertainable of unpaid wages at the minimum wage rate, an equal amount as liquidated damages, and prejudgment interest.

57. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "57" of this Complaint as if fully set forth herein.

59. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff.

60. Defendants, pursuant to policies and practices, refused and failed to pay the per-unit rate to Plaintiff.

61. By failing to compensate Plaintiff a wage at the per unit rate, Defendants violated Plaintiff's statutory rights under the NYLL.

62. The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

63. Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation at the per unit rate pursuant to the NYLL Regulations.

64. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages at the per unit rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

65. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
### [Failure to provide a Wage Notice]

66. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

68. Defendants has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

69. Through the knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

70. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

71. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72. Defendants has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

73. Through knowingly or intentionally failing to provide the Plaintiff with a precise wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

74. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)     An award of unpaid wages at the minimum wage rate due under the FLSA;

(b)     An award of liquidated damages as a result of Defendants' failure to pay wages at the minimum wage rate pursuant to 29 U.S.C. § 216;

(c)     An award of unpaid wages at the per-unit wage rate under the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the per-unit rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
November 11, 2021

Respectfully submitted

By: *Lawrence Spasojevich*
Lawrence Spasojevich (LS 0945)